**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Lisa Rouse, Juston Rouse, Jenna Drouin,
and Nicholas Drouin, individually and on
behalf of all others similarly situated,          Case No. 22-CV-02173 (JMB/JFD)

    Plaintiffs,                                          **ORDER**

      v.

H.B. Fuller Company and H.B. Fuller
Construction Products Inc.,

    Defendants.

---

The Court held a hearing on Plaintiffs' Motion to Compel the production of documents in response to Plaintiffs' Fifth Requests for Production ("RFPs") (Dkt. No. 273) on November 4, 2024. David Hine and Emily St. Cyr appeared for Plaintiffs, and Jeremy Root, Todd Noteboom, and Courtney Harrison appeared for Defendants H.B. Fuller Company and H.B. Fuller Construction Products Inc. ("HBF").

Plaintiffs' RFPs request the following documents:

159. All Documents and Communications responsive to or collected by the ESI Protocol *from April 1, 2023 to present*. (Emphasis added)

160. All Documents and Communications referring to, or relating to, the Products.

161. All Documents and Communications constituting, referring to, or relating to questions, claims, cases, complaints or grievances You received in any form from anyone—including consumers, contractors, retailers or distributors—referring or relating to the Products including, but not limited to, legal complaints, complaints to customer service, warranty claims, complaints to or from state or federal regulatory agencies, and all TEC Product Investigation Reports that You have received referring or relating to the Products.

162. All Documents constituting, referring to, [or] relating to summaries, trends, reports, tracking, or analyzing claims or cases initiated, logged, or otherwise reported regarding the Products *from 2009 to the present*. For the avoidance of doubt, this request seeks all summaries, trends, reports, tracking, or analysis of claims and cases (including those that never result in a claim). (Emphasis added)

163. All Documents and Communications constituting, referring to, or relating to Your testing of the Products *from 2009 to the present*. (Emphasis added)

164. All Documents and Communications referring, or relating to any alleged defects in the Products, including any documents constituting, referring, or relating to any to any [sic] investigations conducted into any alleged defects in Products.

165. Documents sufficient to show any and all amounts paid to consumers, retailers or distributors in connection with complaints about the Products.

166. All Documents pertaining to the sale of any H.B. Fuller stock by members of Your Executive Management Team or Board of Directors, as identified on the Website, *after August 12, 2022*. (Emphasis added)

167. All work instructions, standard operating procedures/SOPs, or other procedures, relating to or governing the Products. For the avoidance of doubt, this request seeks all operative versions or "revisions" of the work instructions, standard operating procedures/SOPs, or other procedures *from 2009 to the present* that relate to the formulation, design, creation, manufacture, quality assurance, testing, review, distribution, claim analysis, customer service, or any other operation relating to the Products. (Emphasis added)

(Pl.'s Fifth Set of RFPs 7–10, Dkt. No. 277-1 ("5th RFPs").) The Court will address each in turn, but the Court must first describe what it has decided to this point because the majority of the discovery requests at issue in this motion are seriously out of compliance with the Court's earlier rulings.

## I.    The Court's Previous Rulings

The Court was chiefly guided by two principles when deciding discovery disputes in this case. First, material more recent than April 1, 2023 is not discoverable except for

specific, focused requests. Second, this temporal limit may not be evaded by seeking "rolling discovery," that is, discovery requests of a general nature seeking information more recent than April 1, 2023, but doing so in the guise of requesting updates to general discovery requests that call for material before that date.

This Court found the appropriate temporal scope of discovery in this case to be from January 1, 2016 to April 1, 2023. (Nov. 4 Hr'g Tr. 15:2–5, Dkt. No. 288 ("[A]t some point discoverable material stops being discoverable because there's simply got to be some finality and in this case that was decided as being April the 1st of 2023.").)[1] As with discovery requests seeking production of documents created since April 1, 2023, the court has allowed limited discovery on requests for specific documents earlier than 2016. These decisions are made on a case-by-case basis. For example, in ruling on a request for documents about product formulas, the Court's oral order on August 21, 2024 was, "Let's begin with 2011 to 2016. That component of Plaintiffs' motion to compel is granted in part and denied in part. Defendants must produce responsive documents. However, production of one formula will be sufficient as to all colors of that particular type of grout." (August 21, 2024 Hr'g. Tr. 41:12–17, Dkt. No. 259.) The Court will continue to make decisions about 2011 to 2016 discovery in this individualized way, rather than on a large scale, in order to provide appropriate discovery to Plaintiffs while also managing the volume of

---

[1] This Court's order setting the window of time for which material is discoverable has been objected to by Plaintiffs and is under review by the District Judge, the Hon. Jeffrey Bryan. (*See* Dkt. No. 293.) Should Judge Bryan decide that a different temporal scope is appropriate, the necessary adjustments should be relatively straightforward.

discovery and reducing the burden that accompanies recovery of documents that may be over a decade old.

Second, as the Court has stated multiple times, "rolling discovery" will not be permitted, no matter how a request for it is framed. (Aug. 21, 2024 Hr'g. Tr. 46:3–5, Dkt. No. 259 ("I think the characterization of this as rolling discovery is accurate, and I will not order that."); Nov. 4, 2024 Hr'g Tr. 11:19–21, Dkt. No. 288 ("At the conclusion of the [Aug. 21] hearing, I said that there wasn't going to be rolling production in this case.").)

The only exception to this rule was for information directly related to two named plaintiffs because that information remains discoverable. (*Id*. at 14:23–15:1.) This is the only information beyond April 1, 2023 that Plaintiffs may receive without further analysis, and this has been the consistent ruling of the Court since August.

> As to production of documents after September '23, for today's purposes, that motion is granted in part and denied in part in that defendants need produce documents after 9/23 only as to the customers Andree, who I understand to be a married couple and, therefore, there's two plaintiffs. Those do need to be produced. This does not prevent plaintiffs from other focused -- and I stress "focused" -- requests."

(Aug. 21, 2024 Hr'g. Tr. 42:9–16, Dkt. No. 259.) As with documents preceding 2016, the Court left open the possibility of additional *focused* requests for documents created after September 2023 on a limited basis, premised upon a showing of a demonstrable need for more recent documents. Some of the requests in Plaintiffs' Fifth Set of RFPs, specifically RFPs 159, 160, and 167, directly violate this Court's August 21 Order. All these requests use the words "to the present" to make explicit that they seek documents produced after 2023, and none of the three is "focused" in any meaningful sense of that word. This is not

the first time the Court has admonished the parties for seeking second and third bites at discovery cherries in this case. (*See* Nov. 4, 2024 Hr'g Tr. 12:6–8 ("And this -- these look to me, Mr. Hine, like exactly what I said you couldn't have, which is to say rolling production.").) The parties are not being deterred from trying to obtain discovery that has been judicially found to be irrelevant or disproportionate by the Court's responses to this behavior to date. Since the Court's actions so far have apparently been too tepid, the Court will resort to sterner tools going forward.

I.   **RFPs Requesting Information Beyond the Temporal Scope of Discovery Set by the Court**

A. **Plaintiffs' Motion to Compel as to RFPs 159, 160, and 167 is denied because it directly contradicts the Court's previous orders.**

There could not be a more paradigmatic example of the "rolling discovery" the Court forbade in August than RFP 159. It seeks "[a]ll Documents and Communications responsive to or collected by the ESI Protocol from April 1, 2023 to present." On August 21 the Court ordered the parties not to seek discovery after April 1, 2023, unless it was focused. RFP 159 takes as its starting date April 1, 2023 and asks for all responsive documents since that date. On November 4, Plaintiffs tried to defend RFP 159 and the other clearly violative RFPs by positing a distinction between a new RFP and supplementation of a previous RFP. Plaintiffs claimed that they understood only the latter to be "rolling production" (because it updates an existing RFP) while a new RFP, by definition, is not an update (because there is nothing to be updated), and so is not rolling production. (*See* Nov. 4, 2024 Hr'g Tr. 15:10–23, Dkt. No. 288.) In light of the full context of the Court's August 21 ruling, which stated clearly that information beyond April 1, 2023 was out of bounds,

the effort to distinguish existing RFPs from new RFPs is not tenable. Even if an update to an old RFP can be distinguished from a wholly new RFP, there is no difference in the documents whose disclosure Plaintiffs sought, and it is the documents sought, not the discovery technique used to do the seeking, that matters.

The subject of a Court's discovery orders is the material a party seeks in discovery, not the vehicle by which the party attempts to obtain that material. Discovery that is irrelevant or disproportional does not become relevant or proportional because it is sought by an interrogatory rather than in a deposition – or in a new RFP rather than a supplementation to an old RFP. This is particularly true here, where the Court stated that information created beyond a certain date *is not discoverable*, apart from one-off, *focused* requests for specific material. There is only one reasonable interpretation of the Court's previous order: that Plaintiffs may request documents created beyond April 2023 if the request is *focused* to resolve specific outstanding questions. RFP 159 meets neither of these requirements. It lacks specificity in the types of documents it requests, and it specifically requests only information beyond April 1, 2023. To the extent Plaintiffs' Motion to Compel seeks documents responsive to RFP 159, it is denied.

Turning to RFP 160, the Court finds that in addition to partaking in all of the flaws identified in RFP 159, RFP 160 is also facially overbroad, as RFP 160 seeks "All Documents and Communications referring to, or relating to, the Products." (5th RFP.) This is in no way focused and seeks information both before and after the Court's defined discovery window. To the extent Plaintiffs' Motion to Compel seeks compliance with RFP 160, it is denied.

RFP 167 specifically seeks information both before January 1, 2016 and beyond April 1, 2023. As stated above, requests in such a date range must be *focused* to address a specific question. While veiled slightly, RFP 167 fares no better than RFP 160 in any reasonable overbreadth analysis. It seeks "All work instructions, standard operating procedures/SOPs, or other procedures, relating to or governing the Products … *from 2009 to the present* that relate to the formulation, design, creation, manufacture, quality assurance, testing, review, distribution, claim analysis, customer service, or any other operation relating to the Products." (5th RFP; emphasis added) It essentially seeks all procedures relating to any operations relating to the Products before, during, and after the relevant period for discovery in this case. There is no way to interpret the text of RFP 167 as focused, and therefore, Plaintiffs' motion as to that request is denied.

## B. Plaintiffs' Motion to Compel as to RFPs 161 and 162 is granted in part and denied in part.

RFPs 161 and 162 were discussed extensively at the November 4 hearing. Consistent with that discussion, the Court finds that RFP 161 is overly broad and exceeds the scope of discovery set in the August order. What HBF is required to produce regarding the "cases," "claims,"[2] complaints, grievances, or other items requested in RFPs 161 and 162 is 1), as described at the November hearing, is an easily readable spreadsheet such as

---

[2] On the representation of the parties, a "case" is created any time a customer contacts HBF regarding unsatisfactory performance of a Power Grout product. A "claim" is a case that has been further developed by a customer who pursues some kind of remedy for an unsatisfactory product, which may involve the customer completing and returning a form called a "Product Information Report" ("PIR"). This understanding controls for the purposes of this order.

the one discussed (and which the Court assumes has been produced by now) during the November hearing (Nov. 4, 2024, Hr'g. Tr.  31–44, Dkt. No 288) and 2) the raw number of "cases" HBF created from January 1, 2016 to April 1, 2023 regarding Power Grout. If the spreadsheet is difficult to read or interpret, HBF must provide Plaintiffs with a key or other explanatory device that can assist them in understanding the data it provides.

At the November 4 hearing, it became apparent that Plaintiffs' counsel had not yet had the opportunity to review HBF's most recent discovery production. HBF's counsel stated that in that production, there was a document that provided the raw number of "cases" created regarding Power Grout. (Nov. 4, 2024 Hr'g. Tr. 43:7–44:1.) The Court ordered the parties to Meet and Confer regarding that production and to contact the Court if the raw number of cases did not appear in that production. (*Id.* at 44:2–6.) That order is duplicated here for clarity and completeness.

Plaintiffs' motion as to RFP 162 is denied for the same reason as RFP 167. It explicitly seeks information beyond April 1, 2023 and is not focused. Denial of RFP 162 does not change the requirement above that HBF provide Plaintiffs with an easily readable customer feedback spreadsheet and the raw number of Power Grout "cases" it has created.

C. **Plaintiffs' Motion to Compel as to RFPs 163 and 164 is granted in part and denied to the extent it seeks previously unproduced documents created after April 1, 2023.**

RFP 163 requests "[a]ll Documents and Communications constituting, referring to, or relating to [HBF's] testing of the Products from *2009 to the present*," while RFP 164 seeks "[a]ll Documents and Communications referring, or relating to any alleged defects in the Products." While these RFPs are more specific than the RFPs discussed above, they

temporally extend, in both directions, beyond what the Court has found to be proportional discovery in this case. Requests for documents before January 1, 2016 or after April 1, 2023 <u>must be specific and targeted to documents that are necessary to provide context or understanding to documents or events within the window.</u> Plaintiffs' memorandum in support of their motion to compel does not explain why pre-2016 or post-2023 discovery as to defects or testing is needed to shed light on 2016 to 2023 discovery. At the case management conference on December 9, Plaintiffs will be given an opportunity to explain this, and Defendants an opportunity to respond.

To the extent that RFPs 163 and 164 seek previously unproduced documents that were created between January 1, 2016 and April 1, 2023, Plaintiffs' Motion to Compel is granted. Documents related to HBF's testing of Power Grout and related products, as well as its communications regarding alleged defects, are relevant and proportional to Plaintiff's claims that HBF knew of potential flaws in the products and continued to market them as specialty products.

## II.   <u>RFPs Requesting Other Information</u>

Plaintiffs' Fifth Set of RFPs also contains three RFPs seeking new information, not sought in previous discovery, including the information sought in RFPs 165 and 166. RFP 165 was not addressed in Plaintiffs' Memorandum in Support of their Motion to Compel, (Pl.'s Mem. in Supp., Dkt. No. 276), and HBF states in its brief that it has "agreed to supplement this information through August 2024 as opposed to the close of discovery for the simple reason that they need time to collect the data and produce it before the close of

discovery." (Def.'s Mem. in Opp. 11, n. 2, Dkt. No. 280.) Neither party addressed RFP 165 at the hearing. Based on HBF's assertion that this issue has been settled, the Court denies as moot Plaintiffs' Motion to Compel as to RFP 165. If additional discovery disputes arise as to HBF's payments to customers connected to customer feedback, Plaintiffs may refile their Motion as to RFP 165 after the required Meet and Confer process.

RFP 166 seeks "All Documents pertaining to the sale of any H.B. Fuller stock by members of Your Executive Management Team or Board of Directors, as identified on the Website, after August 12, 2022." As with RFP 165, RFP 166 was not addressed in Plaintiffs' briefing, (Pl.'s Mem. in Supp., Dkt. No. 276), but HBF objects to the Motion as to this RFP because it claims the request is "an irrelevant fishing expedition" and that any information Plaintiffs need is already publicly available. At the November 4 hearing, Plaintiffs stated that they have received no information regarding the sale of stock and need some production on the issue to determine whether it is a line of inquiry that is worth pursuing. The Court finds HBF's argument persuasive. Plaintiffs' "hunch or speculation that there might be something [in the sale of stock] that may help [their] case" *Keller v. Pepsi Bottling Grp., Inc.*, No. CV 07-1473 (MJD/AJB), 2007 WL 9735622, at *3 (D. Minn. Aug. 27, 2007), does not provide sufficient justification for expanding the scope of discovery in this case to corporate actions whose relevance is speculative. If Plaintiffs can identify anything beyond speculation that there may be something relevant in the stock sale, they may revisit the issue.

**III.     Extension of Deadline for Rule 30(b)(6) Deposition**

Finally, as discussed in the November 4 hearing, the Court will extend the deadline for

Plaintiffs to take the corporate representative deposition of HBF under Federal Rule of

Civil Procedure 30(b)(6) to January 5, 2025. The parties had existing disagreements

regarding the required deposition notice at the November 4 hearing, that it appears they

have appealed to Judge Bryan, and the existing deadline passed while the Court drafted

this Order.

**CONCLUSION**

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**

**THAT** for the reasons stated herein and on the record by the Court at the hearing, Plaintiffs'

Motion to Compel is **GRANTED in part and DENIED in PART.**

1.  Plaintiffs' Motion to Compel as to RFPs 159, 160, 166, and 167 is **DENIED**.

2.  Plaintiffs' Motion to Compel as to RFPs 161 and 162 is **GRANTED** to the extent

    that HBF shall produce an easily readable customer feedback spreadsheet and shall

    disclose the number of Power Grout "cases" it opened between January 1, 2016

    and April 1, 2023 and otherwise is **DENIED.**

3.  Plaintiffs' Motion to Compel as to RFPs 163 and 164 is **TAKEN UNDER**

    **ADVISEMENT** pending argument from the attorneys at the December 9, 2024

    case management conference.

4.  Plaintiffs' Motion to Compel as to RFP 165 is **DENIED AS MOOT WITHOUT**

    **PREJUDICE**.

5. The deadline by which Plaintiffs must complete the corporate representative deposition of HBF is **EXTENDED to January 5, 2025**.

Dated: December 4, 2024

_s/ John F. Docherty_

JOHN F. DOCHERTY

United States Magistrate Judge