# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Lisa Rouse, Juston Rouse, Jenna Drouin, and Nicholas Drouin, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>      v.<br><br>H.B. Fuller Company and H.B. Fuller Construction Products Inc.,<br><br>   Defendants. | Case No. 0:22-cv-02173-JMB-JFD<br><br>**ORDER** |

This issue is before the Court on the continued disagreement between the parties on the first topic listed in Plaintiffs' Notice of Corporate Representative Deposition under Fed. R. Civ. P. 30(b)(6). The parties have debated the 30(b)(6) deposition in detail since at least September of 2024, delaying it and the close of fact discovery for months. (*See* Motion for Protective Order, Dkt. No. 260; November Case Management Conference Minute Entry, Dkt. No. 286; Informal Dispute Resolution Minute Entry, Dkt. No. 390.) Most recently, Plaintiffs wrote to the Court stating that they believed the last remaining issue, the permissibility of Topic 1 on the Rule 30(b)(6) Notice ("Topic 1"), was moot because of the Court's order striking Plaintiffs' Interrogatory No. 27. (Pls.' Supp. Response, Dkt. No. 397.) The Court directed Defendants to reply to Plaintiffs' assertion, and Defendants disagreed with Plaintiffs, arguing that the Court's order on Interrogatory No. 27 does not change their position that Topic 1 of the Rule 30(b)(6) Notice is overly broad. The Court orders that Topic 1 be stricken from the Notice and that the parties proceed promptly to schedule and conduct the Rule 30(b)(6) deposition.

Topic 1 seeks corporate representative testimony on "the factual bases for Defendants' responses to [several numbered interrogatories] propounded by Plaintiffs in this action, and for any response to any Request for Admission … in which Defendants offered anything other than an unqualified admission." The Court orders that Topic 1 be stricken for two reasons: 1) Plaintiffs' Supplemental Response was procedurally improper under the Court's oral order at the January Case Management Conference; and 2) Topic 1 is overly broad.

First, Plaintiffs' Supplemental Response is procedurally improper. At the January Case Management Conference, the Court ordered Plaintiffs to file a list of authorities from the District of Minnesota or the Eighth Circuit which conflicted with the holding in *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, No. 15-CV-3183 (ADM/LIB), 2018 WL 9919939, at *10 (D. Minn. Jan. 23, 2018). (January 16, 2025 Tr. 80:15–81:6, Dkt. No. 394 ("Mr. Noteboom: … the Court does not want from either one of us, I'm sure, any more argument on these issues. The Court: No. … Like I said, there was one specific point. Mr. Hine said there were cases. I don't have them here. I gave them a week to get them.").) All the Court sought was a list of authorities supporting Mr. Hine's position and **no additional argument**. Plaintiffs provided no case law, and instead attempted to argue that the issue was moot. Because the Plaintiffs were not the original moving party on this issue, the Court ordered Defendants to notify the Court whether they concurred with that conclusion. (Order, Dkt. No. 399.) As noted above, they did not. Plaintiffs failed to provide the authority they claimed to have, and rather, pivoted to argue mootness, in contravention of the Court's order to limit their response to the provision of authority disagreeing with the

holding of *Inline Packaging*. The Court takes Plaintiffs' rhetorical maneuver as an implicit admission that they found no case law from either the District of Minnesota or the Eighth Circuit disagreeing with *Inline Packaging*. The Court will therefore apply the decision in *Inline Packaging*.

Under the holding of *Inline Packaging*, Topic 1 is overbroad because it seeks the factual bases for a wide range of responses to interrogatories and requests for admission propounded by Plaintiffs. As has been discussed extensively in this case, another Magistrate Judge in this District has held that "other courts have found overbroad or insufficiently particularized 30(b)(6) topics which seek information regarding responses to other discovery methods and the factual bases for those responses." *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, No. 15-CV-3183 (ADM/LIB), 2018 WL 9919939, at *10 (D. Minn. Jan. 23, 2018) (citing *Integra Bank Corp. v. Fidelity & Deposit Co. of Md.*, No. 11-cv-19-RLY-WGH, 2014 WL 109105, *3 (S.D. Ind. Jan. 10, 2014); *Catt v. Affirmative Ins. Co.*, No. 8-CV-243-JVB-PRC, 2009 WL 1228605, * (N.D. Ind. April 30, 2009); *Smithkline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 WL 116082, *9 (N.D. Ill. Jan. 24, 2000)). At the January Case Management Conference, the Court ordered Plaintiffs to file a list of authorities in the District of Minnesota or the Eighth Circuit that conflicted with the holding in *Inline Packaging*. (January 16, 2025 Tr. 80:15–81:6, Dkt. No. 394.) Plaintiffs' filing contained no such authority, so, in applying *Inline Packaging*,

the Court finds Topic 1 "overbroad [and] insufficiently particularized." *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, No. 15-CV-3183 (ADM/LIB), 2018 WL 9919939, at *10 (D. Minn. Jan. 23, 2018).

    SO ORDERED

Dated: February 3, 2025

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge