UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lisa Rouse, Juston Rouse, Jenna Drouin, Nicholas Drouin, Kendra Graybeal, Nichole Edwards, Lucas Edwards, Robert Calamita, Gina Calamita, Nicole Robb, Dave Robb, Clay Whitenack, Andrea Lea Hill Whitenack, Brian Andree, Alexandra Andree, Kyle Witczak, Brittany Witczak, Mary Jane Gougar, Chris Lorbecki, and Kristina De Broux, *individually, and on behalf of all those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>H.B. Fuller Company and H.B. Fuller Construction Products, Inc.,<br><br>Defendants. | File No. 22-CV-02173 (JMB/JFD)<br><br>**ORDER** |

David W. Asp and Robert David Hahn, Lockridge Grindal Nauen PLLP, Minneapolis, MN; Alexander X. Shadley, *pro hac vice*, David Frederick Hine, *pro hac vice*, Emily St. Cyr, *pro hac vice*, Eric W. Richardson, *pro hac vice*, Michael Soder, *pro hac vice*, and Petra Bergman, *pro hac vice*, Vorys, Sater, Seymour & Pease LLP, Cincinnati, OH, for Plaintiffs.

Todd A. Noteboom, William Thomson, Andrew Leiendecker, and Zach Wright, Stinson LLP, Minneapolis, MN; Laura Rose Hammargren, Lorie Skjerven Gildea, Greenberg Taurig, P.A., Minneapolis, MN; Courtney Harrison, *pro hac vice*, Stinson Leonard, Kansas City, MO; Jeremy A. Root, *pro hac vice*, Stinson, Jefferson City, MO; Christopher Dodrill, *pro hac vice,* Greenberg Taurig, P.A., Dallas, TX; and Robert J. Herrington, *pro hac vice*, Greenberg Taurig, LLP, Los Angeles, CA, for Defendants.

This matter is before the Court on Plaintiffs' objections to several rulings made by Magistrate Judge John F. Docherty during a November 4, 2024 case-management

1

conference related to the scope of discovery and the scope of Plaintiffs' contemplated deposition of Defendants' corporate representative(s) pursuant to Federal Rule of Civil Procedure 30(b)(6). (Doc. Nos. 291, 293.) For the reasons explained below, the Court overrules Plaintiffs' objections.

## RELEVANT BACKGROUND

Discovery in this action commenced in early 2023. (*See* Doc. No. 45 at 3.) The parties negotiated an ESI Protocol that, in relevant part, required Defendants to collect documents from fifty custodians and produce documents and family members that produced a "hit" on agreed-upon search terms. Pursuant to the ESI Protocol, Defendants produced voluminous ESI that was generated between January 2016 and April 2023 (and, in the case of certain custodians, September 2023).

The parties disagree concerning three aspects of discovery. First, Plaintiffs have sought—but have been denied—discovery prior to 2016. Second, Plaintiffs have sought—but have been denied—discovery extending forward beyond Defendants' April and September 2023 collections. Third, the parties have disagreed about the scope of deposition testimony that Plaintiffs seek from Defendants' corporate representative(s) under Federal Rule of Civil Procedure 30(b)(6). The relevant history of these disputes is set forth below.

### A.   Dispute Regarding Pre-2016 Discovery

On January 17, 2024, Plaintiffs served their Second Amended Complaint which, for the first time, set forth allegations of fraudulent concealment. (Doc. No. 149 ¶¶ 410, 419, 435, 448, 463, 481, 499, 517, 536, 554, 573, 588.) Approximately one month later, on

February 22, 2024, Plaintiffs served their Third Amended Complaint (TAC), which also set forth allegations of fraudulent concealment. (Doc. No. 167 ¶¶ 538, 550, 560, 577, 591, 606, 623, 641, 659, 680, 698, 716, 732, 755, 791, 808, 823.) Defendants timely moved for partial dismissal of the TAC. In their brief supporting the motion, Defendants included a request to "dismiss or strike" all of Plaintiffs' allegations of fraudulent concealment on grounds that those allegations were insufficient. (Doc. No. 186 at 18–20.)

On February 26, 2024, Plaintiffs filed a motion to compel Defendants' production of certain documents dating back to January 2011 based on their fraudulent-concealment allegations in the TAC. (Doc. No. 170; Doc. No. 173 at 14–15, 28–30.) Defendants opposed, asserting that Plaintiffs made no showing that discovery extending backward from the limitations period was necessary or proportional to the needs of the case; according to Defendants, none of the named Plaintiffs alleged that they had used or purchased any pre-2016 version of Power Grout. (Doc. No. 181.)

At a March 21, 2024 hearing, the Magistrate Judge denied the motion and ruled as follows:

> There is a request to extend the relevant time period back to 2011. The difficulty with this one, of course, is that documents going back to 2011 have been produced if they turn up and if they are relevant. I am not clear, therefore, why we are going back farther than that. I originally, I will tell you, thought about pushing this back part of the way in order to building a buffer before the statute of limitations.
>
> . . . [I]t does look to me that if [defense counsel] indicates that the statute of limitations is counted backwards from the filing of the complaint, that by going back to January the 1st of 2016, there's already a nine-month buffer built in, and, therefore, I

3

> decided that I did not need to go and build in even more of a buffer.

(Doc. No. 292-3 at 48:4–19.) Plaintiffs did not appeal this March 2024 ruling.

On October 18, 2024, the undersigned issued a ruling on Defendants' motion to dismiss the TAC. (Doc. No. 272.) The Court declined to dismiss Plaintiffs' fraudulent-concealment allegations on grounds that Defendants had not analyzed the sufficiency of Plaintiffs' fraudulent concealment allegations with reference to any of the applicable state tolling laws implicated by the claims in the case and, as a result, their argument was underdeveloped for the Court's meaningful consideration. (*Id.* at 6.)

Meanwhile, the parties could not agree about many of the designated topics and scope of testimony sought by Plaintiffs via the Rule 30(b)(6) deposition notice served on Defendants. Among the areas of testimony sought by Plaintiffs was information on the pre-2016 time period. (*See, e.g.*, Doc. No. 311-2 at 5 ¶ 6, 8 ¶ 5.) Defendants moved for a protective order on grounds that the pre-2016 testimony was disproportional to the needs of the case, irrelevant, and foreclosed by the Magistrate Judge's (un-appealed) March 2024 order regarding the retroactive temporal scope of discovery. (Doc. No. 260.) As discussed below, the Magistrate Judge heard argument and made a ruling on the motion for a protective order on November 4, 2024. (*See infra* Part D.)

    **B.**    **Post-April or -September 2023 Discovery**

In August 2024, Plaintiffs filed a motion to compel Defendants to supplement their past productions related to certain custodians beyond April 2023 or September 2023 (depending on the custodian). (Doc. Nos. 238, 241.) Defendants opposed on grounds that

4

their productions had already post-dated the original complaint by over one year, that the named plaintiffs had not purchased any Power Grout between the date of the last production and August 2024, and that the requested productions were unduly burdensome and disproportional to the needs of the case. (Doc. No. 247.)

During a hearing on the motion on August 21, 2024, the Magistrate Judge granted the motion in part, and denied it in part, as follows:

> As to production of document after September '23, for today's purposes, that motion is granted in part and denied in part in that defendants need produce [sic] documents after 9/23 *only* as to the [Plaintiffs] Andree . . . . Those do need to be produced.
>
> This does not prevent plaintiffs from other focused—and I stress "focused"—requests. I will just be frank. I asked [Plaintiffs' counsel] the question: ["]Are you saying that Rule 26(e) requires ongoing production from document custodians?["] And I thought this was my—you know, little bit of behind this curtain, this was my effort to have [Plaintiffs' counsel] say ["]oh, no, no, no, that's a misunderstanding,["] and instead it was "yes" for a finite period.
>
> . . . .
>
> My ruling on the[] documents after 2023 is based on [Plaintiffs' counsel's] response that you do believe that 26(e) calls for just general temporal supplementation, and I respectfully disagree with that position. What is before me today is resolved by saying that there needs to be production as to the [Plaintiffs] Andrees, even after 9/23, because they did not buy product until 10/23.
>
> I don't know how many requests or whatnot you've got still in the tank, but if there is a more focused request, you can serve it. The defendants can object. I'll see you all again on Zoom, and I'll make a decision. But I am not going to grant—I mean, *I think the characterization of this as rolling discovery is accurate and I will not order that*.

(Doc. No. 313-1 at 43:9–43:23, 46:17–47:5 (emphasis added).)  In short, the Magistrate Judge declined to issue an order requiring "rolling discovery," but did not prohibit future "focused" requests, subject to Defendants' objections.  (*See id.*)  Neither party appealed this August 2024 ruling.

Days later, on August 27, 2024, Plaintiffs served their Fifth Set of Requests for Production of Documents on Defendants.  (Doc. No. 277-1.)  Among the requests were the following:

> Request No. 159.  All Documents and Communications responsive to or collected by the ESI Protocol from April 1, 2023 to present.
>
> Request No. 160.  All Documents and Communications referring to, or relating to, the Products from April 1, 2023 to present.[1]

(Doc. No. 313-2 at 7.)  Defendants objected to these requests on grounds that they were inconsistent with the Magistrate Judge's August 2024 ruling, which declined to order rolling discovery.  Plaintiffs moved to compel.  As discussed below, the Magistrate Judge heard argument and made a ruling on the motion to compel on November 4, 2024.  (*See infra* Part D.)

    **C.**    **Dispute Regarding Rule 30(b)(6) Deposition Notice**

A dispute also arose around the topics that Plaintiffs had designated in a Rule 30(b)(6) deposition notice.  (*See* Doc. No. 311-2; *see also* Doc. Nos. 263, 263-1, 263-2,

---

[1] The "Instructions" portion of the Requests for Production advises that, "[u]nless otherwise specified, these requests seek information from April 1, 2023 to the present." (Doc. No. 313-2 at 7.)

263-4, 263-5, 263-7.) In July 2024, Plaintiffs served Defendants with an iteration of their Rule 30(b)(6) deposition notice.[2] (Doc. Nos. 263-1, 263-5.) Defendants ultimately moved for a protective order on grounds that the notice was overly broad. (Doc. Nos. 260–65.) This motion came before the Magistrate Judge in September 2024, at which point the Magistrate Judge observed that the notice was "overly broad" and "unworkable" and required re-drafting. (Doc. No. 271 at 4–6.) The Magistrate Judge specifically advised that an amended Rule 30(b)(6) deposition notice must not "seek to depose on all of the bases for the claims in a case and the contentions made in support of those claims," and that the topics for deposition needed to be "describe[d] with reasonable particularity." (*Id.* at 5 (quoting *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, No. 15-CV-3183 (ADM/LIB), 2018 WL 9919939, at *10 (D. Minn. Jan. 23, 2018)).)

Plaintiffs re-drafted the notice and ultimately served another iteration of the notice on Defendants on October 16, 2024. (Doc. No. 311-2.) Defendants continued to object to certain topics set forth in the notice, including those seeking testimony broadly on Defendants' defenses and responses to allegations in Plaintiffs' pleading. (Doc. Nos. 311-3, 311-4.) Following a meet-and-confer, Plaintiffs served its most recent version of the notice on October 28. (Doc. No. 311-1.) Defendants again objected on grounds that Plaintiffs sought Rule 30(b)(6) testimony on inappropriate topics, including Topic 58, which reads as follows: "The factual bases for all affirmative defenses asserted in

---

[2] Plaintiffs served Defendants with their original Rule 30(b)(6) deposition notice in May 2024. (Doc. No. 263-2.)

Defendants' answer to the Complaint, and for any denials of allegations included in the same." (Doc. No. 311-1 at 16; Doc. No. 311-6.)

Plaintiffs sought similar information from Defendants via their Seventh Set of Interrogatories, in which they asked Defendants, among other things, to "[i]dentify all of Defendants' affirmative defenses to all of the claims asserted in the Complaint, including all of the facts supporting each such affirmative defense." (Doc. No. 311-7 at 9.) Defendants have represented that they would "supplement their answer to this interrogatory after the close of expert discovery, identifying the material facts upon which Defendants rely in support of their affirmative defenses." (*Id.* at 13.) The Magistrate Judge made a ruling on this issue as discussed below. (*See infra* Part D.)

**D.    The November 4, 2024 Case-Management Conference.**

On November 4, 2024, the Magistrate Judge held a hearing to address the parties' outstanding discovery disagreements, including the following four disputes: (1) whether Defendants were required to collect and produce ESI generated before 2016; (2) whether Defendants were required to prepare a corporate representative for a Rule 30(b)(6) deposition on topics related to occurrences prior to 2016; (3) the cutoff date for Defendants' ESI document collection; and (4) whether Topic 58 should be stricken from Plaintiffs' Rule 30(b)(6) deposition notice. (*See* Doc. No. 292-1.)

Regarding the dispute about pre-2016 discovery, the Magistrate Judge declined to reverse his previous orders. He ordered that, to the extent Plaintiffs' Rule 30(b)(6) deposition notice sought testimony regarding occurrences before 2016, such topics would be stricken. (Doc. No. 292-1 at 118.)

Regarding Plaintiffs' requests for a supplementation of Defendants' document productions to categorically include all documents generated after April or September 2023 (as applicable) propounded in their Requests for Production Nos. 159 and 160, the Magistrate Judge observed the following:

> [T]hese look to me, Mr. Hine, like exactly what I said you couldn't have, which is to say[,] rolling production. You've gone from, ["]We want rolling production["] to ["]Oh, okay. You'll allow supplemental requests. Our supplemental request is, [']On the date you cut us off, April the 1st of '23, going forward we want what we've already asked for.[']"]

(Doc. No. 292-1 at 13:6–12.) He struck the requests.

Additionally, the Magistrate Judge considered Defendants' objections to the Notice, including Defendants' assertion that Topic 58 should be stricken as overly broad. (Doc. No. 260.) Notwithstanding the Magistrate Judge's observation that "[Topic] Number 58 is a contention interrogatory in the form of a 30(b)(6) topic and I am . . . starting with a very strong predilection to strike that," he heard the parties' arguments. (Doc. No. 292-1 at 146:17–21.) In the ensuing discussion, Plaintiffs' counsel informed the Magistrate Judge that the Amended Notice had been served prior to Plaintiffs' receipt of Defendants' answer to the TAC. (*Id.* at 146:22–23.) Plaintiffs' counsel further explained:

> Mr. Hine: The answer was due on Friday. And what we explained in the meet and confer is that what we would be happy to do is take a look at the answer and identify particular affirmative defenses or denials that we had issues with or questions about.
>
> We didn't have the benefit of the answer at the time we were serving, so we were trying to move this along.

9

| | |
|---|---|
| The Court: | All right. So out it comes? |
| Mr. Hine: | Certainly, Your Honor. But may we include in the ultimate notice—for example, there's a—and this touches on the next topic as well. |
| | There's a denial in the answer that we got on Friday where they deny the fact that the grout was reinstalled in accordance with the instructions when they were at the Rouses' home in August pursuant to the Court's inspection protocol, even though the protocol indicates that they had an obligation to install it in accordance with the instructions. |
| | We would like to understand that— |
| The Court: | Isn't there a video of that? |
| Mr. Hine: | Yes, Your Honor, there is, but we want to understand the basis for what they're saying when they say that they—when they deny it. We look at the video and they clearly did install it in accordance with it. So what's the basis for the denial? I mean— |
| The Court: | Well— |
| Mr. Hine: | The Court ordered them to reinstall it in accordance with the instructions. |
| The Court: | I don't know even have a question [sic], but go ahead and tell me something. I mean, it's on tape. |

. . . .

| | |
|---|---|
| The Court: | So run the tape. Was it reinstalled or wasn't it? |
| | And then I guess the question becomes, Well, why did you deny it? And the answer is, the answer was written by lawyers and you can't ask that question because it's work product. |

. . .

10

| | |
|---|---|
| The Court: | I agree that you should have that opportunity [to ask Defendants to explain their denials] and that will come in a contention interrogatory that I've no doubt you'll serve when expert discovery is closed. |
| . . . . | |
| The Court: | [T]he factual basis is the videotape. The videotape shows something that seems to be clearly contradicted by the answer. You'll live with that mystery but you've got the videotape and that's why I ordered the videotape. . . . . |
| Mr. Hine: | So what about then the other allegations of affirmative defenses, Your Honor? I mean, the defendants have asked each of the 18 plaintiffs that were deposed about the complaint and about the inspections. Every one of them— |
| . . . . | |
| The Court: | You, Mr. Hine, you can ask the following question. Two questions.<br><br>Was the grout reinstalled at the end of the inspection?<br><br>Number two, Did the person reinstalling the grout try and follow the package directions when they reinstalled it? |
| Mr. Hine: | Okay, Your Honor. |

(*Id.* at 146:25–152:13.) There was no further discussion of Topic 58. (*See* Doc. No. 292-1.) In short, the Magistrate Judge struck the topic except as explicitly permitted in his ruling.

## DISCUSSION

Plaintiffs object to the Magistrate Judge's rulings related to each of the three disputes: (1) the availability of pre-2016 documentary discovery and pre-2016 Rule

11

30(b)(6) deposition testimony; (2) the availability of post-April or -September 2023 discovery; and (3) the propriety of Topic 58 from the Rule 30(b)(6) deposition notice. District courts review the rulings of Magistrate Judges on non-dispositive pre-trial orders with extreme deference. *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017). The Court will reverse such orders only when the Magistrate Judge's decision is clearly erroneous or contrary to law. *Id.*; Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a)(3). A decision is "clearly erroneous" when "the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Coons*, 268 F. Supp. 3d at 991 (quotation omitted). A decision is "contrary to law" when it "fails to apply or misapplies pertinent statutes, case law, or rules of procedure." *Id.*

For the reasons set forth below, the Court is not left with the definite and firm conviction that the Magistrate Judge committed any mistake, and, therefore, overrules the objections.

I.  **PRE-2016 DISCOVERY**

   A.  **ESI Collection on Pre-2016 Documents**

Plaintiffs argue that the Magistrate Judge incorrectly decided Defendants' claim of undue burden with respect to discovery of pre-2016 documents. The Court has thoroughly reviewed the transcript of the November 4 case-management hearing and is unable to find any decision by the Magistrate Judge concerning discovery of pre-2016 documents. Instead, the transcript shows that the Magistrate Judge deferred making any ruling:

> Court:    . . . I don't think anyone particularly enjoyed this afternoon but if this is what it takes to keep the case moving, this is what we're going to do.

12

| | |
|---|---|
| Hine: | Your Honor, to that point. |
| Court: | Yeah. |
| Hine: | In the context of the motion to compel— |
| Court: | Yes. |
| Hine: | I think I heard today that there may be more willingness to discuss ways that we can narrow the scope of some of the requests. |
| Court: | Okay. |
| Hine: | If that is the case and counsel will talk with us, we'd be happy to meet and confer, as I believe the Court took that under advisement. If I misheard and the objection stands such that no documents will be produced, then that's a— |
| Court: | Well, then I'll make— |
| Hine: | —lost cause. |
| Court: | —then *I'll make a ruling*. |
| Hine: | Okay. |
| Court: | All right. *Talk to each other. If you—if there's no reason for me to write, say so.* |

(Doc. No. 292-1 at 153:21–154:19 (emphasis added).) In other words, the only decision of the Magistrate Judge on the record was to order the parties to meet and confer and to thereafter inform him if they were unable to come to an agreement. The Court cannot sustain an objection to a ruling that was never rendered.

**B.     Retroactive Temporal Scope of Rule 30(b)(6) Deposition Testimony**

Plaintiffs further assert that the Magistrate Judge erred by declining to alter his March 2024 decision regarding the retroactive scope of Rule 30(b)(6) deposition

13

testimony. According to Plaintiffs, the Magistrate Judge's ruling was contrary to law because it established "an arbitrary discovery cutoff due to a statute of limitations" and "runs afoul of Rule 26[']s]" placement of the relative burdens on Defendants. (Doc. No. 293 at 10–12.) Plaintiffs assert that, because they allege in the TAC that Power Grout has been defective since its inception in 2011 and that Defendants have always concealed its defects, they are entitled to pre-2016 discovery and, therefore, Rule 30(b)(6) deposition testimony. (*Id.*) Again, the Court is unconvinced.

Plaintiffs' objection to the Magistrate Judge's decision regarding the temporal scope of corporate-designee deposition testimony is an impermissible collateral attack on the Magistrate Judge's prior ruling on the temporal scope of discovery rendered in March 2024, which, importantly, Plaintiffs did not challenge. Further, this Court's October 2024 ruling on Defendants' motion to dismiss the TAC—in which the Court declined to dismiss the fraudulent-concealment allegations but made no substantive ruling on their merits— did not resurrect the Magistrate Judge's March 2024 ruling for district-judge review because the operative allegations in the TAC were the same then as they are now.

Thus, Plaintiffs' objection to the Magistrate Judge's ruling on the temporal scope of Rule 30(b)(6) testimony is overruled.

## II.     ESI COLLECTION AFTER APRIL 2023 OR SEPTEMBER 2023

Plaintiffs also take issue with the Magistrate Judge's ruling with respect to ESI generated after April 2023 (or September 2023, where applicable per custodian). (Doc. No. 293 at 12–14.) According to Plaintiffs, under Federal Rule of Civil Procedure 26(e), relevant ESI is discoverable unless Defendants demonstrate undue burden; and here,

14

Plaintiffs argue that the Magistrate Judge disallowed post-April or -September 2023 discovery even though Defendants did not carry their burden. (*Id.*) Defendants posit that they adequately demonstrated undue burden and the Magistrate Judge's ruling was sound. (Doc. No. 312 at 11–12.)

The Court again agrees with Defendants. In August 2024, the Magistrate Judge decided that continuous rolling discovery after April or September 2023 would be unduly burdensome based on Defendants' representations about it. (*See* Doc. No. 247 at 16–17.) However, the Magistrate Judge did not categorically close the door on post-April or -September 2023 discovery; instead, he left Plaintiffs an option to propound future focused discovery requests. (Doc. No. 313-1 at 41:25–44:25.) Plaintiffs did not appeal this decision. Instead of propounding a focused request, Plaintiffs requested general rolling discovery. In November 2024, the Magistrate Judge again declined to order such discovery. Plaintiffs' attack on the merits of the Magistrate Judge's decision to disallow general post-April or -September 2023 discovery was timely only after the August 2024 ruling[3] and now is an untimely end-run on that ruling. The objection is overruled.

### III. TOPIC 58 OF THE RULE 30(b)(6) DEPOSITION NOTICE

Plaintiffs contend that the Magistrate Judge's decision to strike Topic 58 from the Rule 30(b)(6) deposition notice was "contrary to applicable law and the Federal Rule[s] of Civil Procedure" and effectively prevents Plaintiffs from "obtaining critically relevant

---

[3] Even if it was timely, Plaintiffs have not convinced the Court that the Magistrate Judge's ruling is contrary to law.

information about the factual bases for Defendants' defenses in this action." (Doc. No. 291 at 5, 6.) The Court discerns no error in the Magistrate Judge's decision.

When seeking to depose a corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6), the noticing party "must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000). Plaintiffs argue that, because Defendants' answer to the TAC was served only twenty-two days before the fact-discovery cutoff, they will have no opportunity to question Defendants' witnesses about the information sought in Topic 58.

For their part, Defendants argue that Plaintiffs' position is firmly foreclosed by *Fairview Health Services v. Quest Software, Inc.*, No. 20-CV-1326 (SRN/LIB), 2021 WL 5087564 (D. Minn. Sept. 24, 2021). In *Fairview*, the defendant served the plaintiff with a Rule 30(b)(6) deposition notice that designated, among other things, a deposition topic as "all facts supporting" the premises for one of the central contentions to a claim. *Id.* at *6. The Magistrate Judge in *Fairview* observed that the topic "is simply over broad" because it "would require the opposing party to marshal all of its factual proof and prepare a witness to be able to testify on a given defense or claim." *Id.* (quotation omitted) (collecting cases). The Court agrees with Defendants that Topic 58 suffers from the same deficiency as the over broad topic in *Fairview*.

The Magistrate Judge in *Fairview* further concluded that the topic was improper because it would require the Rule 30(b)(6) witness—a lay witness—to ask counsel what constitutes "all facts" in support of the party's legal theory. *Id.* at *7. This, of course,

16

implicates information protected by the attorney work-product doctrine. *Id.*; *see also Elsherif v. Mayo Clinic*, No. 18-CV-2998 (DWF/KMM), 2020 WL 5015825, at *2 (D. Minn. Aug. 25, 2020) (denying plaintiff's motion to compel Rule 30(b)(6) deponent to testify as to "the factual and legal bases" for the defendant's answers in legal and administrative actions because such topic raises "the obvious concerns of privilege and attorney work-product doctrine" and are "burdensome, unwieldy, and likely disproportionate to the needs of the case"); *Inline Packaging*, 2018 WL 9919939, at *9–10 (collecting cases and concluding that designated Rule 30(b)(6) topic seeking contentions and facts underlying party's claims to be relevant but, ultimately, overly broad); Fed. R. Civ. P. 26(b)(3)(B) (providing that the Court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation" in discovery). Again, this same concern compels the Court to concur with the Magistrate Judge's decision to strike Topic 58.

Plaintiffs rely on one case from this District in support of their position that Topic 58 is appropriate. In *Arctic Cat, Inc. v. Bombardier Rec. Prods.*, No. 12-CV-2692 (JRT/LIB), 2014 WL 12610146 (D. Minn. May 23, 2014), the defendants served the plaintiff with a notice of a Rule 30(b)(6) deposition, which purported to designate as deposition topics "[t]he factual basis, evidentiary support, and actions taken to investigate the basis for the allegation" that the defendants infringed plaintiff's patents. *Id.* at *5–6. The Magistrate Judge overruled plaintiff's objection on grounds that the topics "are sufficiently specific, seeking *factual information known at the time [Plaintiff] made its infringement allegations*, and testimony will be limited to only that factual information

17

reasonably available to the witness at the time the suit was initiated." *Id.* at *7 (emphasis in original). However, unlike the topics at issue in *Arctic Cat*, Topic 58 is not limited to a specific type of claim or defense and, instead, seeks information about the factual bases for all denials and all affirmative defenses.

The *Arctic Cat* decision—even if factually analogous, which it is not—does not render the *Fairview* and similar decisions bad law. Thus, Plaintiffs have not convinced the Court that the Magistrate Judge's decision to strike a topic in a Rule 30(b)(6) deposition notice that would require the deponent to "marshal all of its factual proof" and be required to speak on information protected by the attorney work-product doctrine is contrary to law.

Additionally, Plaintiffs argue that "[t]he service of contention interrogatories . . . does not provide a substitute for corporate representative testimony," but have not told the Court why, under the circumstances, that is so. (Doc. No. 291 at 8.) Plaintiffs have informed the Court that the TAC was served only twenty-two days before the fact-discovery cutoff, and, as a result, they assert that they will have no opportunity to question Defendants' witnesses about the information implicated in Topic 58. However, Topic 58 is not so narrow as to seek deposition testimony *only* about the denials to the new factual allegations presented or any new affirmative defenses raised in the TAC. Further, Plaintiffs have not persuasively argued why Defendants' representation that it would supplement its response to Plaintiffs' interrogatory asking Defendants to "[i]dentify all of [their] affirmative defenses to all of the claims asserted in the Complaint, including all of the facts supporting each such affirmative defense" (Doc. No. 311-7 at 9) will fail to provide the information they seek.

18

Therefore, the Court will not disturb the Magistrate Judge's decision to strike Topic 58 from the Rule 30(b)(6) deposition notice.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Objections to Magistrate Judge Docherty's November 4, 2024 Decision on 30(b)(6) Deposition Topics (Doc. No. 291) are OVERRULED.

2. Plaintiffs' Objections to Magistrate Judge Docherty's November 4, 2024 Decision on the Scope of Discovery (Doc. No. 293) are OVERRULED.

Dated: February 21, 2025                     /s/ *Jeffrey M. Bryan*
                                              Judge Jeffrey M. Bryan
                                              United States District Court