**Rouse, et al. v. H.B. Fuller Company, et al.**
**0:22-CV-02173-JMB/JFD**

# Exhibit 4

*Rouse v. H.B. Fuller – Key Legal Disparities Among Plaintiffs' Home States on Negligence Claims*

| State | Fault Apportionment | Statutes of Limitations | Non-Party Apportionment of Fault | Economic Loss Doctrine |
|---|---|---|---|---|
| **Idaho** | Modified comparative fault (bars recovery if individual is 50% or more at fault). Idaho Code § 6-801. | Two years if personal injury. Idaho Code § 5-219(4). Four years if no personal injury. *Stapleton v. Jack Cushman Drilling*, 153 Idaho 735, 740-41 (2012) (citing Idaho Code § 5-224). | Non-party fault may be considered. *Vannoy v. Uniroyal Tire Co.*, 726 P.2d 648, 650 (Idaho 1985). | No tort liability for "purely economic losses." *Clark v. Int'l Harvester Co.*, 581 P.2d 784, 792 (Idaho 1978); *see also Safeco Ins. Co. of Ill. v. LSP Prods. Grp., Inc.*, 619 F. Supp. 3d 1064, 1067 (D. Idaho 2022). |
| **Kentucky** | Pure comparative fault. Ky Rev. Stat. § 411.182. | One year. Ky. Rev. Stat. § 413.140(1)(a); *see also Kendall v. Godbey*, 537 S.W.3d 326, 335-36 (Ky. Ct. App. 2017). | Apportionment to nonparties who have settled. Ky. Rev. Stat. §§ 411.182(1)(b), 411.182(4). | "[A] manufacturer in a commercial relationship has no duty under a negligence or strict products liability theory to prevent a product from injuring itself." *Giddings & Lewis, Inc. v. Indus. Risk Insurers*, 348 S.W.3d 729, 738 (Ky. 2011). |

1

*Rouse v. H.B. Fuller – Key Legal Disparities Among Plaintiffs' Home States on Negligence Claims*

| State | Fault Apportionment | Statutes of Limitations | Non-Party Apportionment of Fault | Economic Loss Doctrine |
|---|---|---|---|---|
| **Massachusetts** | Modified comparative fault (bars recovery if individual is 51% or more at fault). Mass. Gen. Laws ch. 231, § 85. | Three years. Mass. Gen. Laws ch. 260, § 2A. | No apportionment to non-parties. Mass. Gen. Laws ch. 231, § 85. | Economic losses cannot be recovered in tort absent personal injury or property damage. *Wyman v. Ayer Props. LLC*, 469 Mass. 64, 69 (2014). |
| **Michigan** | Economic damages reduced by percentage of individual's fault; noneconomic damages barred at 51% fault. Mich. Comp. Laws § 600.2959. | Three years. Mich. Comp. Laws § 600.5805; *see also Tanner-Robinson v. Will-Pan Plumbing, Co.*, 2022 Mich. App. LEXIS 1250, at *9-10 (1st Dist. 2022). | Jury may allocate fault to non-parties, subject to procedural requirements. Mich. Comp. Laws §§ 600.2957, 600.6304. | In commercial transaction, claim is barred if plaintiff suffered only economic losses. *Niebarger v. Universal Cooperatives*, 486 N.W.2d 612, 615 (Mich. Ct. App. 1997). |
| **New Hampshire** | Modified comparative fault (bars recovery if individual is 51% or more at fault). N.H. Rev. Stat. § 507:7-d. | Three years. N.H. Rev. Stat. § 508:4; *see also Pichowicz v. Watson Ins. Agency, Inc.*, 146 N.H. 166, 167 (2001). | Non-party fault may be considered. *DeBennedetto v. C.L.D. Consulting Engineers, Inc.*, 153 N.H. 793, 803 (2006). | Precludes recovery for purely economic loss in tort where economic loss can be recovered under contract. *Plourde Sand & Gravel Co. v. JGI Eastern, Inc.*, 154 N.H. 791, 794 (2007). |

2

*Rouse v. H.B. Fuller – Key Legal Disparities Among Plaintiffs' Home States on Negligence Claims*

| State | Fault Apportionment | Statutes of Limitations | Non-Party Apportionment of Fault | Economic Loss Doctrine |
|---|---|---|---|---|
| **North Carolina** | Claim may be barred by contributory negligence. *Draughon v. Evening Star Holiness Church of Dunn*, 843 S.E.2d 72, 76 (N.C. 2020). | Three years. N.C. Gen. Stat. § 1-52(5); *see also Harrold v. Dowd*, 149 N.C. App. 777, 781 (2002). | Non-party fault not considered. N.C. Gen. Stat. § 1B-2. | Precludes negligence claim for purely economic damages based on a product's alleged failure to perform as expected. *Wilson v. Dryvit Sys.*, 206 F. Supp. 2d 749, 753 (E.D.N.C. 2002). |
| **Ohio** | Modified comparative fault (bars recovery if individual is 51% or more at fault). Ohio Rev. Code § 2315.33. | Two years. Ohio Rev. Code § 2305.10; *see also Haskins v. 7112 Columbia, Inc.*, 20 N.E.3d 287, 289 (Ohio Ct. App. 2014). | Non-party fault may be considered. Ohio Rev. Code §§ 2315.33, 2307.011. | Cannot recover economic damages for negligence absent physical injury or property damage, but property damage claim must be analyzed "within the context of the transaction." *See Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins.*, 537 N.E.2d 624, 629-30 (Ohio 1989). |
| **Pennsylvania** | Modified comparative fault (bars recovery if individual is 51% or more at fault). 42 Pa. Cons. Stat. § 7102(a). | Two years. 42 Pa. Cons. Stat. § 5524(2). | Jury may consider non-party's agreement or release with the plaintiff. 42 Pa. Cons. Stat. § 7102(a.2). | Purely economic loss not a bar to negligence claims in all circumstances. *Bilt–Rite Contractors, Inc. v. Architectural Studio*, 581 Pa. 454, 479-80 (2005). |

3

*Rouse v. H.B. Fuller – Key Legal Disparities Among Plaintiffs' Home States on Negligence Claims*

| State | Fault Apportionment | Statutes of Limitations | Non-Party Apportionment of Fault | Economic Loss Doctrine |
|---|---|---|---|---|
| **Washington** | Pure comparative fault.<br><br>Wash. Rev. Code § 4.22.005. | Three years.<br><br>Wash. Rev. Code § 4.16.080(2); *see also Clare v. Saberhagen Holdings, Inc.*, 123 P.3d 465, 466 (Wash. Ct. App. 2005). | Jury may consider fault of non-parties released by plaintiff, but not those immune from liability under Title 51 RCW.<br><br>Wash. Rev. Code § 4.22.070(1). | Permits a claim for economic damages only if there is an independent tort duty to exercise due care outside of contractual obligations.<br><br>*Eastwood v. Horse Harbor Found., Inc.*, 241 P.3d 1256, 1261 (Wash. 2010). |
| **Wisconsin** | Modified comparative fault (bars recovery if individual is 51% or more at fault).<br><br>Wis. Stat. § 895.045. | Three years.<br><br>Wis. Stat. § 893.54(1m)(a); *see also John Doe 1 v. Archdiocese of Milwaukee*, 734 N.W.2d 827, 834 (Wis. 2007). | Fault may be apportioned to non-parties.<br><br>*Christianson v. Continental Ins.*, 1987 Wisc. App. LEXIS 3461, at *2 (Wis. 1987). | Commercial purchaser cannot recover solely economic losses from manufacturer, particularly where warranty at issue.<br><br>*Sunnyslope Grading, Inc. v. Miller, Bradford & Risberg, Inc.*, 437 N.W.2d 213, 217-18 (Wis. 1989). |