Rouse, et al. v. H.B. Fuller Company, et al.
0:22-CV-02173-JMB/JFD

# Exhibit 6

*Rouse v. H.B. Fuller* – Key Legal Disparities Among Plaintiffs' Home States on Fraud Claims

| State | Materiality Required? | Statutes of Limitations | Reliance Presumed? | Burden of Proof | Scienter |
|---|---|---|---|---|---|
| **Idaho** | Yes.<br><br>*Humphries v. Becker*, 159 Idaho 728, 736 (2016). | 3 years.<br><br>Idaho Code Ann. § 5-218(4). | Presumption of reliance not permitted.<br><br>*Gerstein v. Micron Tech.*, No. Civ. 89-1262, 1993 WL 735031, at *9 (D. Idaho Jan. 9, 1993). | Clear and convincing evidence.<br><br>*Country Cove Dev., Inc. v. May*, 150 P.3d 288, 293 (Idaho 2006). | State law is in conflict as to whether actual knowledge of falsity is required or if ignorance of its truth is sufficient.<br><br>*Compare SRM Arms, Inc. v. GSA Direct, LLC*, 494 P.3d 744, 755 (Idaho 2021) (listing elements of fraud as including "speaker's knowledge of [statement's] falsity"), *with Budget Truck Sales, LLC v. Tilley*, 419 P.3d 1139, 1145 (Idaho 2018) (describing elements including "speaker's knowledge about falsity or ignorance of [] truth"). |
| **Kentucky** | Yes.<br><br>*Gibson v. Kentucky Farm Bureau Mut. Ins. Co.*, 328 S.W.3d 195, 205 (Ky. 2010). | 5 years.<br><br>Ky. Rev. Stat. § 413.120(11). | Presumption of reliance not permitted outside of securities litigation context.<br><br>*Merck & Co., Inc. v. Ratliff*, No. 2011-CA-000234-MR, 2012 Ky. App. LEXIS 31, at *20. | Clear and convincing evidence.<br><br>*Alvey v. Union Inv., Inc.*, 697 S.W.2d 145, 147 (Ky. App. 1985). | Knowledge or recklessness.<br><br>*Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 549 (Ky. 2009) (fraud requires "that the declarant knew the representation was false or made it recklessly"). |

*Rouse v. H.B. Fuller* – Key Legal Disparities Among Plaintiffs' Home States on Fraud Claims

| State | Materiality Required? | Statutes of Limitations | Reliance Presumed? | Burden of Proof | Scienter |
|---|---|---|---|---|---|
| **Massachusetts** | Yes.<br><br>*Fordyce v. Town of Hanover*, 457 Mass. 248, 257 (2010). | 3 years.<br><br>Mass. Gen. Laws Ch. 260 § 2A; *Lambert v. Leary*, 2006 Mass. Super. LEXIS 63, at *7 (Mass. Super. Ct. Feb. 14, 2006). | Presumption of reliance not permitted outside of securities litigation context.<br><br>*In re Neurontin Mktg.*, 618 F. Supp. 2d 96, 111-12 (D. Mass. 2009). | Preponderance of the evidence.<br><br>*St. Paul Fire & Marine Ins. v. Ellis & Ellis*, 262 F.3d 53, 63 (1st Cir. 2001) ("[U]nder Massachusetts law, the burden of proving fraud by a preponderance of the evidence rests on the party alleging it."). | Actual knowledge of falsity.<br><br>*Nemirovsky v. Daikin N. Am., LLC*, 177 N.E.3d 901, 913 (Mass. 2021) (must show that defendant made "false representation of a material fact with knowledge of its falsity"). |
| **Michigan** | Yes.<br><br>*Barclae v. Zarb*, 300 Mich. App. 455, 476 (2013). | 6 years.<br><br>Mich. Comp. L. § 600.5813; *Caillouette v. Wells Fargo Bank N.A.*, No. 11-cv-10204, 2012 U.S. Dist. LEXIS 41533, at *6-7 (E.D. Mich. Mar. 27, 2012). | Presumption of reliance not permitted.<br><br>*Gasperoni v. Metabolife*, No. 00-71255, 2000 U.S. Dist. LEXIS 20879, at *19 (E.D. Mich. Sept. 27, 2000). | Clear, satisfactory and convincing evidence.<br><br>*Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 815 (Mich. 1976) ("Fraud will not be presumed but must be proven by clear, satisfactory and convincing evidence."). | Actual knowledge of falsity or recklessness, without any knowledge of truth as a positive assertion.<br><br>*Meemic Ins. v. Fortson*, 954 N.W.2d 115, 125 n. 12 (Mich. 2020). |

*Rouse v. H.B. Fuller* – Key Legal Disparities Among Plaintiffs' Home States on Fraud Claims

| State | Materiality Required? | Statutes of Limitations | Reliance Presumed? | Burden of Proof | Scienter |
|---|---|---|---|---|---|
| **New Hampshire** | Yes.<br><br>*Ridlon v. N.H. Bureau of Secs. Regulation*, 172 N.H. 417, 426 (2019). | 3 years.<br><br>N.H. Rev. Stat. § 508:4; *Plaisted v. LaBrie*, 165 N.H. 194, 195-96 (2013). | Unsettled whether presumption of reliance can apply outside of securities litigation context to common-law fraud claims.<br><br>*Ortiz v. Sig Sauer, Inc.*, No. 19-cv-1025-JL, 2023 U.S. Dist. LEXIS 22713, at *57 n. 56 (D.N.H. Feb. 10, 2023). | Clear and convincing evidence.<br><br>*Snow v. Am. Morgan Horse Ass'n*, 686 A.2d 1168, 1170 (N.H. 1996). | Knowledge of falsity or conscious indifference to the truth.<br><br>*Tessier v. Rockefeller*, 33 A.3d 1118, 1124 (N.H. 2011) (must show that "'representation was made with knowledge of its falsity or with conscious indifference to its truth'") (citation omitted). |
| **North Carolina** | Yes.<br><br>*Higgins v. Synergy Coverage Sols., LLC*, 2020 NCBC 4, 50 (2020). | 3 years.<br><br>2 N.C. Gen. Stat. § 1-52(9). | Presumption of reliance not permitted in class actions.<br><br>*Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 341 (4th Cir. 1998) (finding fraud claims "not readily susceptible to class-wide proof," because "[u]nder North Carolina law, these claims turn on whether each [plaintiff] reasonably relied on [defendant's] representations") (citations omitted). | Preponderance of the evidence.<br><br>*Hudgins v. Wagoner*, 694 S.E.2d 436, 446-47 n. 8 (N.C. App. 2010). | Intent to deceive.<br><br>*Cummings v. Carroll*, 866 S.E.2d 675, 693 (N.C. 2021); *see also Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 374 S.E.2d 385, 392 (N.C. 1988) (holding that "intent to deceive" is an "essential element" in a fraud claim). |

3

*Rouse v. H.B. Fuller – Key Legal Disparities Among Plaintiffs' Home States on Fraud Claims*

| State | Materiality Required? | Statutes of Limitations | Reliance Presumed? | Burden of Proof | Scienter |
|---|---|---|---|---|---|
| **Ohio** | Yes. *Malek v. Eresearch Tech., Inc.*, 2022-Ohio-3330, ¶ 24 (Ohio Ct. App. 2022). | 4 years. ORC § 2305.09(c). | Reliance may be presumed in certain cases, including where defendant acted intentionally in omitting to disclose information required by law. *Cope v. Metro. Life Ins. Co.*, 696 N.E.2d 1001, 1007-08 (Ohio 1998). | Preponderance of the evidence. *Navistar, Inc. v. Dutchmaid Logistics, Inc.*, 171 N.E.3d 851, 866 (Ohio 2021) ("A party seeking an equitable remedy, such as declaratory judgment, reformation or rescission of a contract, must prove a fraud claim with clear and convincing evidence, while a party seeking a monetary remedy must prove fraud by the preponderance of the evidence."). | Actual knowledge of falsity or with "such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred." *White v. Durrani*, 168 N.E.3d 597, 604 (Ohio 2021). |

4

*Rouse v. H.B. Fuller* – Key Legal Disparities Among Plaintiffs' Home States on Fraud Claims

| State | Materiality Required? | Statutes of Limitations | Reliance Presumed? | Burden of Proof | Scienter |
|---|---|---|---|---|---|
| **Pennsylvania** | Yes.<br><br>*Bochetto & Lentz, P.C. v. Nothstein*, 2024 Pa. Dist. & Cty. Dec. LEXIS 133, at *21 (Pa. Ct. Common Pls. 2024). | 2 years.<br><br>42 Pa. Cons. Stat. Ann. § 5524(7). | Presumption of reliance not permitted.<br><br>*Hunt v. United States Tobacco Co.*, 538 F.3d 217, 223-24 (3d Cir. 2008) (applying Pennsylvania law, comparing Pennsylvania Consumer Protection Law to common-law fraud requirements, which do not permit presumption of reliance). | Clear, precise, and convincing evidence.<br><br>*Snell v. Com., State Examining Bd.*, 416 A.2d 468, 470 (Pa. 1980). | Actual knowledge of falsity or recklessness.<br><br>*Gregg v. Ameriprise Fin., Inc.*, 245 A.3d 637, 646 (Pa. 2021). |
| **Washington** | Yes.<br><br>*Landstar Inway, Inc. v. Samrow*, 181 Wn. App. 109, 124 (2014). | 3 years.<br><br>Rev. Code Wash. § 4.16.080(4). | Presumption of reliance not permitted outside of securities litigation and certain statutory claims.<br><br>*Kimball v. Rj Reynolds Tobacco Co.*, No. C03-664JLR, 2005 U.S. Dist. LEXIS 53822, at *9 (W.D. Wash. Feb. 25, 2005). | Clear, cogent, and convincing evidence.<br><br>*Kirkham v. Smith*, 106 Wn. App. 177, 183 (2001). | Actual knowledge of falsity.<br><br>*Adams v. King Cnty.*, 192 P.3d 891, 902 (Wash. 2008). |

*Rouse v. H.B. Fuller* – Key Legal Disparities Among Plaintiffs' Home States on Fraud Claims

| State | Materiality Required? | Statutes of Limitations | Reliance Presumed? | Burden of Proof | Scienter |
|---|---|---|---|---|---|
| **Wisconsin** | No.<br><br>*Veritas Steel, LLC v. Lunda Constr. Co.*, 2020 WI 3, ¶ 70 (2020); *see also Miron v. MNI, Inc.*, No. 2015AP1184, 2016 Wisc. App. LEXIS 195, at *14-15 (Mar. 29, 2016) (citing *Tietsworth v. Harley-Davidson, Inc.*, 2004 WI 32, at ¶ 13). | 3 years.<br><br>Wis. Stat. § 893.93(1m)(b). | Presumption of reliance not permitted outside of securities litigation context.<br><br>*Staudt v. Artifex Ltd.*, 16 F. Supp. 2d 1023, 1031 (E.D. Wis. 1998). | Clear and convincing evidence.<br><br>*Korhumel Steel Corp. v. Wandler*, 600 N.W.2d 592, 595 (Wis. App. 1999). | Actual knowledge of falsity or recklessness.<br><br>*Ramsden v. Farm Credit Servs. of N. Cent. Wis. ACA*, 590 N.W.2d 1, 7 (Wis. App. 1998). |