**Rouse, et al. v. H.B. Fuller Company, et al.**
**0:22-CV-02173-JMB/JFD**

# Exhibit 7

*Rouse v. H.B. Fuller – Key Legal Disparities Among Plaintiffs' Home States UDAP Statutes*

| State | Scope | Scienter | Reliance | Materiality | Injury | Limitations | Other |
|---|---|---|---|---|---|---|---|
| **Kentucky**<br><br>Ky. Rev. Stat. § 367.110 *et seq.* | Goods or services must be "primarily for personal, family or household purposes."<br><br>Ky. Rev. Stat. § 367.220(1). | Intent or gross negligence required.<br><br>*Scanlan v. Sunbeam Prod., Inc.*, 690 F. App'x 319, 333 (6th Cir. 2017). | Reliance not required.<br><br>*Brown v. Tax Ease Lien Servicing, LLC*, 2015 WL 7431044, at *10 (W.D. Ky. Nov. 20, 2015). | Materiality required.<br><br>*Corder v. Ford Motor Co.*, 285 F. App'x 226, 228 (6th Cir. 2008). | Plaintiff must have "ascertainable loss of money or personal property."<br><br>Ky. Rev. Stat. § 367.220(1). | One year after any action of the Attorney General has been terminated, or two years, whichever is later.<br><br>Ky. Rev. Stat. § 367.220(5). | Requires contractual privity.<br><br>*Skilcraft Sheetmetal, Inc. v. Ky. Mach., Inc.*, 836 S.W.2d 907 (Ky. Ct. App. 1992). |
| **Michigan**<br><br>Mich. Comp. Laws § 445.901 *et seq.* | Transaction must have been "primarily for personal, family, or household purposes."<br><br>Mich. Comp. Laws § 445.902(g); *id.* at § 445.903. | Scienter required only for certain subsections.<br><br>Mich. Comp. Laws § 455.903; *Brownlow v. McCall Enters.*, 888 N.W.2d 295, 305-307 (Mich. Ct. App. 2016). | Reasonable reliance required for certain subsections.<br><br>Mich. Comp. Laws § 445.903(1)(s); *Leaf v. Nike, Inc.*, 2021 WL 4950383, at *6 (6th Cir. Oct. 25, 2021). | Deceptive act must be one "that is important to the transaction or affects the consumer's decision to enter into the transaction."<br><br>*Laura v. DaimlerChrysler Corp.*, 711 N.W.2d 792, 794 (Mich. Ct. App. 2006). | Plaintiff must have suffered a "loss" and "actual damages."<br><br>Mich. Comp. Laws § 445.91(2-4); *see also In re OnStar Cont. Litig.*, 278 F.R.D. 352, 379 (E.D. Mich. 2011). | Six years, or one year after the last payment in a transaction involving the method, act, or practice that is the subject of the action, whichever is later.<br><br>Mich. Comp. Laws § 445.911(9). | N/A |

1

*Rouse v. H.B. Fuller – Key Legal Disparities Among Plaintiffs' Home States UDAP Statutes*

| State | Scope | Scienter | Reliance | Materiality | Injury | Limitations | Other |
|---|---|---|---|---|---|---|---|
| **New Hampshire**<br><br>N.H. Rev. Stat. § 358-A *et seq.* | "[A]ny trade or commerce within this state."<br><br>N.H. Rev. Stat. § 358-A:2. | Requires "a degree of knowledge or intent" amounting to "rascality."<br><br>*Kelton v. Hollis Ranch, LLC*, 927 A.2d 1243, 1246 (N.H. 2007). | No reliance requirement.<br><br>*Mulligan v. Choice Mortg. Corp. USA*, 1998 WL 544431 (D.N.H. Aug. 11, 1998). | Materiality required.<br><br>*Kalik v. Abacus Exch.*, 2001 WL 1326581, at *9 (D.N.H. Oct. 19, 2001). | Plaintiff must be "injured," but recovery may be based on a statutory violation.<br><br>N.H. Rev. Stat. § 358-A:10; *Carter v. Lachance*, 766 A.2d 717 (N.H. 2001). | Three years.<br><br>N.H. Rev. Stat. § 358-A:3 (IV-a, IV-b). | Class action requires "similar injury to numerous other persons."<br><br>N.H. Rev. Stat. § 358-A:10-a(I). |
| **North Carolina**<br><br>N.C. Gen. Stat. § 75-1.1 *et seq.* | "[A]ll business activities, however denominated."<br><br>N.C. Gen. Stat. § 75-1.1(b). | No intent required.<br><br>*Excel Staffing Serv., Inc. v. HP Reidsville, Inc.*, 616 S.E.2d 349, 355 (N.C. Ct. App. 2005). | Actual and reasonable reliance required.<br><br>*Bumpers v. Cmty. Bank*, 747 S.E.2d 220 (N.C. 2013). | Court considers the effect of the deception on the average consumer.<br><br>*Spartan Hearing, Inc. v. Pollard*, 400 S.E.2d 476, 482 (N.C. Ct. App. 1991). | Plaintiff must have suffered "actual injury."<br><br>*Wilson v. Blue Ridge Elec. Membership Corp.*, 578 S.E.2d 692, 694 (N.C. Ct. App. 2003). | Four years.<br><br>N.C. Gen. Stat. § 75-16.2. | *N/A* |

*Rouse v. H.B. Fuller – Key Legal Disparities Among Plaintiffs' Home States UDAP Statutes*

| State | Scope | Scienter | Reliance | Materiality | Injury | Limitations | Other |
|---|---|---|---|---|---|---|---|
| **Ohio**<br><br>Ohio Rev. Code § 1345.01 *et seq*. | Transaction must involve goods for "primarily personal, family, or household" use or solicitation to supply "any of these things."<br><br>Ohio Rev. Code Ann. § 1345.01(A). | Knowledge is a factor in determining whether conduct was "unconscionable."<br><br>Ohio Rev. Code § 1345.03(B). | Reliance not required.<br><br>*Nessle v. Whirlpool Corp.*, 2008 WL 2967703 (N.D. Ohio Jul. 25, 2008). | Materiality required.<br><br>*Reeves v. PharmaJet, Inc.*, 846 F. Supp. 2d 791, 798 (N.D. Ohio 2012). | Plaintiff may recover "actual economic damages" plus limited "noneconomic damages" depending on violation type and individual versus class action.<br><br>Ohio Rev. Code Ann. § 1345.09(A-B). | Two years, or one year after the termination of proceedings by the attorney general with respect to a violation, whichever is later.<br><br>Ohio Rev. Code Ann. § 1345.10(C). | Home construction services contract claims exempt.<br><br>Ohio Rev. Code Ann. § 1345.01(A); *see also* Ohio Rev. Code Ann. § 4722.01.<br><br>Class action allowed only for acts previously found deceptive, either judicially or by state attorney general or enforcing authority.<br><br>Ohio Rev. Code Ann. § 1345.09(B); *Marrone v. Philip Morris USA, Inc.*, 850 N.E.2d 31, 33 (Ohio 2006). |

3

*Rouse v. H.B. Fuller* – Key Legal Disparities Among Plaintiffs' Home States UDAP Statutes

| State | Scope | Scienter | Reliance | Materiality | Injury | Limitations | Other |
|---|---|---|---|---|---|---|---|
| **Pennsylvania**<br><br>73 Pa. Stat. Ann. § 201-1 *et seq.* | Transaction must have been "primarily for personal, family or household purpose."<br><br>73 Pa. Stat. Ann. § 201-9.2(a). | Required for false advertising claim.<br><br>Pa. Stat. § 201-2(4)(ix)-(x). | Justifiable reliance required.<br><br>*Toy v. Metropolitan Life Ins. Co.*, 928 A.2d 186, 202-03 (Pa. 2007). | Required to recover for fraud based on deceptive acts.<br><br>*Debbs v. Chrysler Corp.*, 810 A.2d 137, 155 (Pa. Super. Ct. 2002). | Plaintiff must have suffered "ascertainable loss of money or property."<br><br>73 Pa. Cons. Stat. § 291-9-2(a). | Six years.<br><br>42 Pa. Cons. Stat. § 5527(b). | *N/A* |
| **Washington**<br><br>Wash. Rev. Code 19.86 *et seq.* | Applies to "the conduct of any trade or commerce."<br><br>Wash. Rev. Code § 19.86.020. | Intent not required.<br><br>*State v. Mandatory Poster Agency, Inc.*, 199 Wn. App. 506, 518 (2017). | Reliance not generally required.<br><br>*Thornell v. Seattle Serv. Bureau, Inc.*, 363 P.3d 587, 592 (Wash. 2015). | Materiality required.<br><br>*Testo v. Russ Dunmire Oldsmobile*, 16 Wn. App. 39, 51 (Wash. Ct. App. 1976). | Person must have been "injured in his or her business or property."<br><br>Wash. Rev. Code Ann. § 19.86.090. | Four years.<br><br>Wash. Rev. Code § 19.86.120. | Requires "public interest" impact.<br><br>*Hangman Ridge Training Stables, Inc. v. Safeco Title. Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986). |

4