UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lisa Rouse, Juston Rouse, Jenna Drouin, and Nicholas Drouin, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>H.B. Fuller Company and H.B. Fuller Construction Products Inc.,<br><br>Defendants. | Case No. 22-CV-02173 (JMB/JFD)<br><br>**ORDER** |

This matter is before the Court on Plaintiffs' request for Fees and Costs (Dkt. No. 597) made pursuant to the Court's June 25, 2025 Order (Dkt. No. 584). That Order granted Plaintiffs' motion to compel H.B. Fuller Company ("HBF Co.") to produce an adequately prepared corporate representative for a deposition under Federal Rule of Civil Procedure 30(b)(6) because the Court found that "HBF Co. and its counsel did not prepare their witness to respond to the topics HBF Co. was legally obligated to discuss, and the witness, Cheryl Reinitz, did not take steps necessary to familiarize herself with the case." (June 25, 2025 Order 18, Dkt. No. 584.) The Court has said all that needs to be said about that motion and this order limits itself to accurately assessing, and reducing to monetary terms, the harm caused by that lack of preparation.

The harms identified in the Court's June 25 Order were of three types: 1) taking Ms. Reinitz's deposition on April 10, 2025; 2) filing and arguing the Motion to Compel (Dkt.

1

No. 493); and 3) taking the additional deposition ordered by the Court. (June 25, 2025 Order 24, Dkt. No. 584.) To reduce those harms to a monetary figure, this order assesses the reasonableness of the fees requested by Plaintiffs in their Notice (Dkt. No. 597).

## LEGAL STANDARDS

If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," Fed. R. Civ. P. 37(a)(5)(A), unless "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," "the opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). Federal Rule of Civil Procedure 37 also provides that, where a court determines that a party or counsel has disobeyed an order of the court, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(b)(2)(C).

The Court also has the inherent authority to award attorneys' fees "against a party which has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *United States v. Gonzalez-Lopez*, 403 F.3d 558, 564 (8th Cir. 2005) (quotation and internal quotation marks omitted); *see Lamb Eng'g & Const. Co. v. Neb. Pub. Power Dist.*, 103 F.3d 1422, 1435 (8th Cir. 1997). "The amount of the fee, of course, must be determined on

2

the facts of each case." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The Court addresses in turn each of the three categories of expense listed above.

## DISCUSSION

Generally, Plaintiffs' counsel work at two firms: the Cincinnati, Ohio firm of Vorys, Sater, Seymour and Pease LLP ("Vorys"); and the Minneapolis, Minnesota firm of Lockridge Grindal Nauen PLLP ("LGN"). Vorys attorneys serve as lead counsel for Plaintiffs, with LGN attorneys serving as local counsel. (Asp Decl. 2, Dkt. No. 599.) Vorys attorneys on this case include David Hine, a partner at the firm, and associates Petra Bergman and Michael Soder. (*Id*.) These attorneys bill their time at $695, $495, and $430 per hour, respectively. (*Id*.) LGN attorneys include David Asp, a partner, and David Hahn, an associate. They bill their time at $625 and $375 per hour, respectively. (*Id*.) HBF Co. does not challenge these rates themselves, and the Court therefore does not question their reasonableness.

HBF Co. objects to the Court awarding fees and costs to Plaintiffs in relation to this matter. In responding to Plaintiffs' fee request, HBF Co. points out that in Plaintiffs' original motion for a second Rule 30(b)(6) deposition of HBF Co., they expressly stated that they were not seeking sanctions in connection to it. (HBF Co.'s Resp. 3, Dkt. No. 615 (citing Pls.' Mem. in Supp. 2, Dkt. No. 497).) It also argues that "although the Court disagreed with its approach to preparing its 30(b)(6) witness, that approach was supported by legal authority and was a reasonable effort to navigate the unique and challenging circumstances of this case." (*Id*. at 2.) The Court considers these well-taken arguments, along with the more specific arguments discussed below, in crafting what it determines is

3

a reasonable award of fees in the broader context of both parties' behavior through the litigation of this case.

I. **The April 10, 2025 Deposition of Cheryl Reinitz**

In their request for fees and costs, Plaintiffs' counsel petitions the Court for $69,305.07 for work performed by Mr. Hine and Ms. Bergman for the deposition of Cheryl Reinitz, the first HBF Co. 30(b)(6) deponent, who the Court found to be inadequately prepared for that deposition. (*See* Pls.' Notice 3, 5, Dkt. No. 597.) This figure includes "$60,226.00 for 94.80 hours spent by Mr. Hine and Ms. Bergman" (Hine Decl. 4, Dkt. No. 598), "$2,396.52 on travel expenses for Mr. Hine and Ms. Bergman to attend the Deposition," (*Id*. at 7), and "$6,682.55 for court reporter and videographer fees during the Deposition." (*Id*. at 6.)

The Court appreciates this breakdown of fees and costs provided by Plaintiffs, but it will not require Defendants to compensate Plaintiffs for this amount because this number represents the fees Plaintiffs would have reasonably incurred even in the absence of HBF Co.'s unpreparedness for the Rule 30(b)(6) deposition. The Court will only consider fees and costs incurred beyond this number as attributable to HBF Co.'s failure to properly prepare Ms. Reinitz for the original Rule 30(b)(6) deposition.

II. **The Motion to Compel Adequately Prepared Corporate Deponent (Dkt. No. 493)**

Plaintiffs' counsel petitions the Court for $36,394.00 for work performed by Mr. Hine, Ms. Bergman, and Mr. Soder in drafting Plaintiffs' Motion to Compel an Adequate Rule 30(b)(6) Deponent and the associated briefing, as well as preparing for, traveling to,

4

and participating in the hearing on the Motion. Plaintiffs' counsel also requests $865.62 in travel expenses incurred in attending the May 16, 2025 Case Management Conference and Motion Hearing, a number which represents one third of the travel expenses Plaintiffs' counsel incurred in traveling to St. Paul because "there were two other issues to be addressed at that May 16, 2025, hearing, [so ]Plaintiffs only attribute one-third of those costs to the Motion." (Pls.' Notice 5, n.2, Dkt. No. 597.) Accordingly, the total amount of compensation Plaintiffs' counsel requests related to the Motion to Compel is $37,258.62.

Plaintiffs' counsel's billing records indicate that Mr. Hine recorded 6.5 hours for "[t]raveling to Minnesota for hearing" ($4,517.50) and 7.2 hours for "[p]reparing for hearing" ($5,004.00) on May 15. (Hine Decl. Ex. 1, Dkt. No. 598-1.) Also on May 15, Ms. Bergman recorded 9 hours for "[t]ravel to and prepare for the hearing," equivalent to $4,455.00. (*Id*.) The day of the hearing, May 16, Mr. Hine recorded 6.5 hours for "preparing for and participating in case management conference" and 5.6 hours for "[t]raveling home from Minnesota," and Ms. Bergman recorded 9.5 hours for "[p]repar[ing] for the hearings[,] [a]ttend[ing] hearing[,]… and travel home" (*Id*.)

The Court declines to order Defendants to compensate Plaintiffs for any travel-related costs or fees incurred in traveling to St. Paul for the Case Management Conference in May. As HBF Co. notes, Plaintiffs' counsel would have had to travel to St. Paul for the Case Management Conference whether or not they brought the Motion to Compel. (HBF Co.'s Resp. 4, Dkt. No. 615.) The Court will, however award fees and costs directly associated with the motion, including one third of the time spent preparing for and participating in the hearing. Reviewing the submitted billing records, the Court concludes

5

that Plaintiffs' counsel is entitled to compensation for $5,004.00 for Mr. Hine's work on May 15, 2025 and $4,517.50 for his work on May 16, 2025. As for Ms. Bergman's time, Plaintiffs' counsel is entitled to compensation for $1,237.50 for her work on the 15th and $1,930.50 for her work on the 16th. Plaintiffs' counsel is also entitled to compensation for the $22,699.00 for the 44.9 hours spent by Mr. Hine and Mr. Soder in drafting the briefing for the Motion to Compel. In sum, the amount owed to Plaintiffs' counsel in connection to the Motion to Compel is **$35,387.50.**

### III. The July 17, 2025 Deposition of Traci Jensen

Plaintiffs' counsel requests $34,857.50 in fees and costs incurred in taking the July 17, 2025 Rule 30(b)(6) Deposition of Traci Jensen, ordered by the Court on June 25, 2025. That request includes $30,837.50 for 50.50 hours of work, divided between Mr. Hine and Ms. Bergman, of the Vorys firm, and $4,020.45 for costs related to transcription and recording services. (Pls' Second Fee Petition 3, Dkt. No. 623.) Plaintiffs' counsel is entitled to compensation for the entirety of the $4,020.45 in transcription and recording costs, as these costs would not have been incurred if HBF Co. was properly prepared for its first Rule 30(b)(6) deposition.

As to attorneys' fees accrued in preparation for the second Rule 30(b)(6) deposition, the fee request will be granted in part. HBF Co. argues that much of the work time claimed by Plaintiffs in their request was unnecessarily duplicative of work that had been done to prepare for the H.B. Fuller Construction Products deposition and the original HBF Co. deposition. (HBF Co.'s Resp. 4, Dkt. No. 615.) While the Court recognizes that such work may have been duplicative, it is not unreasonable to expect that attorneys would need to

6

spend at least some time refamiliarizing themselves with the issues after a gap of three months between the first and second 30(b)(6) depositions. However, the billing entries submitted by Plaintiffs' counsel in this request occasionally commingle work directly attributable to the deposition with other work on this case that likely would have been incurred without the Court's June 25, 2025 Order. (*See* Hine Decl. Ex. 1, Dkt. No. 624-1.) For example, one entry includes "[c]ompiling documents for use in 30(b)(6) deposition addressing particular defenses raised in Defendants' motion to deny class certification," and another includes "review[ing] and analyz[ing] the documents used in support of the motion to deny class certification to identify additional exhibits for use in the renewed 30(b)(6) deposition." (*Id.*) This work, while relevant to the 30(b)(6) deposition ordered by the Court, will also be relevant to Plaintiffs' likely motion for class certification later in the case because Defendant's motion to deny class certification was denied as premature. (*See* Aug. 15, 2025 Order, Dkt. No. 620.) After excising one half of each of the entries where such commingling occurred, the Court finds that Plaintiffs' counsel incurred $26,351.50 in attorneys' fees related to the second Rule 30(b)(6) deposition of HBF Co.[1] In sum, the amount owed to Plaintiffs' counsel in connection to the Second Rule 30(b)(6) Deposition of HBF Co. is $30,371.95.

---

[1] To arrive at this figure, the Court reduced time attributed to commingled entries by one half and multiplied the sum of remaining time for each attorney by the attorney's billing rate, as identified in the Plaintiffs' papers.

7

## CONCLUSION

Accordingly, based on the foregoing and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiffs' Requests for Attorneys' Fees (Dkt. Nos. 597, 623) are **GRANTED in part and DENIED in part**, as follows:

1) Defendants will pay Plaintiffs' counsel $35,387.50 for attorneys' fees and costs associated with Plaintiffs' Motion to Compel Adequately Prepared Rule 30(b)(6) Corporate Representative (Dkt. No. 493); and

2) Defendants will pay Plaintiffs' counsel $30,371.95 for attorneys' fees and costs associated with HBF Co.'s Second Rule 30(b)(6) deposition.

Date: October 10, 2025                                *s/ John F. Docherty*
                                                     JOHN F. DOCHERTY
                                                     United States Magistrate Judge